**NOT FOR PUBLICATION**            **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTIVEN BRITTO, | Civil No.: 09-5986 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| BOROUGH OF LITTLE FERRY, et al., | |
| Defendants. | |

**LINARES**, District Judge.

    Currently before this Court is the unopposed motion of Defendants Borough of Little Ferry, the Little Ferry Police Department, Police Chief Ralph Verdi, Patrolman Anthony Mattesich, and Patrolman Demetrius Dacres ("Defendants," the "Borough," the "Police Department," "Verdi," "Mattesich," or "Dacres," respectively) to dismiss the complaint filed by Plaintiff Estiven Britto ("Plaintiff"). No oral argument was held. Fed.R.Civ.P. 78. For the reasons set forth in this Opinion, Defendants' motion to dismiss is GRANTED.

### I. BACKGROUND

    The facts of this case are straightforward. On November 21, 2007 Plaintiff was shot by Dacres during an alleged home invasion in Little Ferry (see Complaint at ¶¶ 10-13). Plaintiff was arrested on December 3, 2007 for the underlying alleged home invasion. Plaintiff alleges that during an internal investigation of the shooting Mattesich and John Does 1-10 provided false and misleading statements to "cover up" Dacres's conduct. (Compl. ¶ 16).

    Plaintiff filed the instant complaint on November 23, 2009. Count one asserts an "excessive force" claim under 42 U.S.C. § 1983. Count two asserts a conspiracy claim pursuant to 42 U.S.C.§ 1985. Count three asserts a common law negligent supervision, training, hiring claim against the Borough and the Police Department. Count four asserts a common law

Malicious Prosecution claim against Defendants. Count five asserts a "vicarious liability" claim against the Borough and the Police Department for the actions of the individual Defendants. Defendants move to dismiss each claim. For the reasons set forth in this opinion, Defendants' motion is GRANTED.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

## III. DISCUSSION

Defendants argue that Count One (Section 1983) and Count Two (Section 1985) must be dismissed based on the applicable statute of limitations. Defendants argue that Count Three (negligent supervision, training, and hiring) and Count Four (malicious prosecution) must be dismissed because Plaintiff failed to file a Notice of Tort Claim pursuant to the New Jersey Tort Claims Act. Finally, Defendants argue that Count Five (vicarious liability) must be dismissed because (1) if it is based on Plaintiff's civil rights claims, then it is time barred and (2) if it is based on state common law claims, then it is barred by the statute of limitations and the failure to file a Notice of Claim.

### A. Claim One: Section 1983

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arises, without regard for the facts upon which the claim is based or the nature of the injury sustained. Owens v. Okure, 488 U.S. 235, 249-250 (1989); and see 3085 Kennedy Realty Co. v. Tax Assessor of the City of

Jersey City, 287 N.J. Super. 318, 323 (1996). Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual. N.J.S.A. 2A:14-2. Thus, it follows that the statute of limitations for Section 1983 claims in New Jersey is two years. Cito v. Bridgewater Township Police Dep't, 892 F.2d 23 (3d Cir. 1989).

Here, Plaintiff's excessive force claim pursuant to Section 1983 is based on Dacres shooting Plaintiff November 21, 2007. Plaintiff filed this action on November 23, 2009 which is more than two years after the date of the alleged use of excessive force. Therefore, Plaintiff's Section 1983 claim for excessive force is barred by the applicable statute of limitations. Accordingly, Plaintiff's Section 1983 claim is dismissed with prejudice.

### B. Claim Two: Section 1985

Under the facts of this case the applicable statute of limitations for violations of 42 U.S.C. § 1985 in New Jersey is two years. O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir.2006). Federal law, rather than state law, determines questions of accrual in civil rights actions, and the Third Circuit Court of Appeals forbids "resurrecting" a time-barred claim by aggregating it with other causes of action. Id. at 129.

Claim two asserts that Dacres, Mattesich, and others gave false statements regarding Dacres' use of force as part of a conspiracy to deny Plaintiff equal protection of the laws. Here, the facts as set forth in Plaintiff's complaint giving rise to Plaintiff's Section 1985 claim – namely, Dacres use of force – occurred on November 21, 2007. Plaintiff, therefore, had until November 21, 2009 to file his claims under Section 1985. Because his Complaint was filed in this Court on November 23, 2009, Plaintiff is barred from proceeding due to the statute of limitations. O'Connor, 440 F.3d at 126-27. To allow Plaintiff to proceed with his Section 1985 claim would be to improperly "resurrect" his time-barred Section 1983 claim. Accordingly, Plaintiff's Section 1985 claim is dismissed with prejudice.

### C. Remaining New Jersey State Law Claims

Having dismissed each of Plaintiff's Federal Claims, this Court declines to exercise supplemental jurisdiction over the remaining New Jersey State law claims: (1) negligent

3

supervision, training, and hiring, (2) malicious prosecution, and (3) vicarious liability.[1] This case has not yet entered discovery, and judicial economy dictates that there is no significant interest served by keeping this matter in federal court. 28 U.S.C. § 1367; Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir.1993).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without prejudice. An appropriate Order accompanies this Opinion.


DATED: April 21, 2010                    /s/ Jose L. Linares
                                         JOSE L. LINARES
                                         UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Plaintiff's "vicarious liability" claim against the Borough or the Police Department is based on either Plaintiff's Section 1983 or Section 1985 claims, then even assuming arguendo that Plaintiff could maintain an action under either section, said claim would necessarily be dismissed. "A municipality cannot be responsible for damages under section 1983 on a vicarious liability theory." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004); see also Leatherman v. Tarrant County, 507 U.S. 163, 166 1993) ("[A]" municipality cannot be held liable under § 1983 on a respondeat superior theory."). The Police Department may not be held liable under Section 1983 under a theory of respondeat superior. See, e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978); Brennan v. Norton, 350 F.3d 399, 427 (3d Cir.2003). Thus, the Police Department cannot be held liable for merely employing an individual who commits a constitutional violation.

4